# **EXHIBIT B**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
## District of Columbia

In re  TOUCHSTONE REMODELERS, LLC              Case No.  23-00116-ELG
         Debtor
                                                Chapter  7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  [AMERICAN EXPRESS NATIONAL BANK] [BANK OF AMERICA, N.A.] [CAPITAL ONE, N.A.] [INTUIT INC.] [RY CPA, LLC]
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE "ATTACHMENT A"**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the _____ party, *filing pro se* _____, who issues or requests this subpoena, are:

Federico M Bandi and Angela M. Bandi
3606 Chesapeake Street, NW
Washington, DC 20008
TEL: 773.620.1932
EMAIL: fband1@jhu.edu;
angela.bandi@yahoo.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **ATTACHMENT A**

# REQUESTS FOR PRODUCTION OF DOCUMENTS TO [AMERICAN EXPRESS NATIONAL BANK] [BANK OF AMERICA, N.A.] [CAPITAL ONE, N.A.] [INTUIT INC.] [RY CPA, LLC]

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, unsecured judgment creditors Federico M. Bandi and Angela M. Bandi (jointly, the "**Movants**") hereby serve the following requests for production of documents or categories of documents (the "**Requests**") to [American Express National Bank] [Bank of America, N.A.] [Capital One, N.A.] [Intuit Inc.] [RY CPA, LLC] to be produced to the Movants by _____, 2023 at the Movants' address or via electronic means to the Movants, in accordance with the Definitions and Instructions below.

## DEFINITIONS

Unless otherwise stated, the following definitions shall apply herein:

1. "Bankruptcy Code" means and refers to 11 U.S.C. §101 et seq. (as amended from time to time).

2. "Communication" or "Communications" is an all-inclusive term and means any and all Documents or information constituting, reflecting or evidencing any oral or written transmission or receipt of words or information, by whatever manner or means, regardless of how or by whom the Communication was initiated, including but not limited to: (a) any written contact by means such as letter, memorandum, e-mail, text message, instant message or facsimile; (b) any oral contact by any means including face-to-face, telephonic or video conversations, discussions or meetings; and (c) any records for telephone, text message or video. Communications with any entity includes Communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities,

1

partners, member shareholders, officers, directors, employees, agents, representatives, legal counsel, or any other person(s) acting on its or their behalf.

3.  "Concerning," "evidencing," "referencing," "regarding," "in connection with," "relating to," "referring to," and "reflecting" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

4.  "Debtor" means the civil entity identified as Touchstone Remodelers, LLC on its Petition, and each of its former members, partners, predecessors, successors, employees, officers, directors, agents, advisors, representatives, attorneys, and all other persons or entities acting or purporting to act on behalf of the Debtor.

5.  "Document" is defined in the broadest sense possible, and shall mean any medium upon, through or by which intelligence or information is recorded, in whole or in part, or from which intelligence or information may be retrieved. This includes, but is not limited to, any printed, typewritten, word processed, recorded or other graphic or photographic matter of any kind or nature whatsoever, however produced or reproduced, whether sent or received or neither; all Electronically Stored Information; any and all drafts, duplicates, non-identical copies or copies bearing notations or markings not found on the original; and any and all writings, drawings, graphs, charts, files, correspondence, e-mails, CD ROMs, hard drives, transcripts, contracts, agreements, letters, memoranda, notes, marginal notations, summaries, opinions, forms, fact sheets, credit files, credit reports, credit requests, records, articles, brochures, interoffice Communications, statements, financial statements, account statements, telephone messages, applications, minutes, day books, pleadings and papers in any action, proceeding or arbitration before any court, agency or tribunal, notices, sworn or unsworn testimony, depositions, affidavits, photographs, telephone records and other data compilations, tape, audio or video recordings (and transcripts thereof), motion pictures and any carbon or

photographic copies of any such material. Requested Documents include all attachments, schedules, forms, exhibits, enclosures, appendices and other Documents which refer or relate to the designated Documents.

6. "Electronically Stored Information" shall include, without limitation, the following:

(a) Information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to e-mail;
(b) Internal or external web sites;
(c) Output resulting from the use of any software program; and
(d) All items stored on cache memories, magnetic disks (such as computer hard drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (e.g., a smartphone such as an iPhone®, a tablet such as an iPad®, or a personal digital assistant).

7. "Person" means and includes natural persons and entities, including, but not limited to, for profit and not for profit corporations, partnerships, limited liability companies, trusts, firms, governmental agencies whether local, state, or federal, and any and all of their agents, representatives, employees, predecessors, and/or any other person acting on its/their behalf or subject to its/their control

8. "Petition" refers to the voluntary petition for relief under chapter 7 of the Bankruptcy Code filed by the Debtor in the United States Bankruptcy Court for the District of Columbia on April 28, 2023.

9. "Petition Date" shall mean April 28, 2023, the date the Debtor filed its Petition.

10. "You", "Your" and "Yours" refer to the party to whom this Request is addressed and the persons listed in paragraph 1 of the instructions below.

11. The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa. The words "and," "or," and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of the relevant request those responses that might otherwise be construed to be outside the scope. The word "all" includes the meaning of every other word: "each," "every," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

## INSTRUCTIONS

1    The Requests are directed to [American Express National Bank] [Bank of America, N.A.] [Capital One, N.A.] [Intuit Inc.] [RY CPA, LLC] and any person or persons acting in any capacity for or on its behalf, including but not limited to its former members, partners, predecessors, successors, employees, officers, directors, agents, advisors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf.

2.    You are required to conduct a thorough investigation and produce all Documents available to You, including all Documents in the possession of Your attorneys, accountants, agents or other representatives or affiliated entities, or any information otherwise subject to Your custody or control.

3.    The Requests are continuing in nature. If further Documents come into Your possession, custody or control or are otherwise obtained, located or brought to Your attention, prompt supplementation of Your response to the Requests is required.

4.    If You are unable to comply with a particular category of the Requests below and Documents responsive to the category are in existence, by the date responses to the Requests are due, please state in writing the reason why the

Document cannot be produced or why You are unable to comply with the particular category of Document request.

5. For each and every Document herein requested which was formerly in Your possession, custody or control and is no longer in existence or cannot be located, by the date responses to the Requests are due, You are requested to submit in lieu of each such Document a written statement which:

    (a) describes in detail the nature of the Document;
    (b) identifies the person who prepared or authorized the Document and, if applicable, the person to whom the Document was sent;
    (c) specifies the date on which the Documents was prepared or transmitted; and
    (d) specifies, if possible, how and when the Document passed out of existence or can no longer be located and the reasons therefor, and identifies each person having knowledge concerning such disposition or loss and, if destroyed, identifies the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

6. If You assert any form of objection to privilege as a ground for not answering a production request or any part of a request, by the date responses to the Requests are due, set forth with specificity the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the Document the balance of the Document shall be produced. With respect to any Document withheld on a claim of privilege, You are directed to identify each Document by category, date, addressee, author, title, and general subject matter, and to identify those persons who have seen said Document or who have received copies thereof. In addition, You should state the nature of the objection, privilege, doctrine, or immunity that You claim, and all legal and factual bases supporting such claim.

7. The Requests are provided without prejudice to, or waiver of, the Movants' right to conduct further discovery.

# DOCUMENT REQUESTS

**[American Express National Bank]**

1. All statements or records for any credit card accounts or loan accounts in which **Touchstone Remodelers, LLC (EIN: 45-3812338)** ("**Touchstone**") held an interest, <u>for the period of April 2021 through the present date</u>, including but not limited to:

    (a) the **American Express Business Prime credit card account ending in 11008**;

    (b) the **American Express Business Platinum credit card account ending in 02002**; and

    (c) any other American Express credit card or loan account in which Touchstone held an interest.

**[Bank of America, N.A.]**

1. All statements or records for any Bank of America financial account in which **Touchstone Remodelers, LLC (EIN: 45-3812338)** ("**Touchstone**") held an interest,* <u>for the period of April 2021 through the present date</u>, including but not limited to:

    (a) the **Bank of America checking account ending in 6490**;

    (b) the **Bank of America checking account ending in 6857**;

    (c) the **Bank of America savings account ending in 6378**; and

    (d) any other Bank of America financial account in which Touchstone held an interest.

6

*Statements for the Bank of America checking account ending in 3252 are not included in request #1. These statements, for the period of April 2021 through the present date, have previously been provided to the Movants.*

2. All statements or records for the **Bank of America Business Advantage credit card account ending in 9400** in which Touchstone held an interest, for the period of September 2021 through December 2021.

3. All statements or records for any other Bank of America credit card accounts or loan accounts,* in which Touchstone held an interest, for the period of April 2021 through the present date.

*Statements for the Bank of America Business Advantage Credit Line account ending in 7078 are not included in request #3. These statements, for the period of April 2021 through the present date, have previously been provided to the Movants.*

**[Capital One, N.A.]**

1. All statements or records for any credit card accounts or loan accounts in which **Touchstone Remodelers, LLC (EIN: 45-3812338)** ("Touchstone") held an interest, for the period of April 2021 through the present date, including but not limited to:

(a) the **Capital One Spark Cash Select Visa Signature Business account ending in 8764**; and

(b) any other Capital One account in which Touchstone held an interest.

**[Intuit Inc.]**

1. All QuickBooks records of **Touchstone Remodelers, LLC (EIN: 45-3812338)**, for the period of April 2021 through the present date.

7

**[RY CPA, LLC]**

1.      All Documents containing financial data or information relating to the business operations or financial affairs of **Touchstone Remodelers, LLC (EIN: 45-3812338)** ("**Touchstone**"), including but not limited to accounting records, bookkeeping records, QuickBooks records, and Touchstone's "in-house" financial records <u>for the period of April 2021 through the present date</u>.

2.      All communications between You and Touchstone relating to Touchstone's business operations or financial affairs, <u>for the period of April 2021 through the present date</u>.