# **EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 23-00116-ELG |
| TOUCHSTONE REMODELERS, LLC,<br>Debtor. | Chapter 7 |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER**
**PURSUANT TO RULE 2004 AUTHORIZING EXAMINATIONS**
**AND FOR THE PRODUCTION OF DOCUMENTS**

Upon consideration of the motion of unsecured judgment creditors Federico M. Bandi and Angela M. Bandi (the "**Bandis**") of Touchstone Remodelers, LLC (the "**Debtor**") for entry of an order in the above-captioned case (the "**Case**") under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Rule 2004**") and Local Rule 2004-1 of the United States Bankruptcy Court for the District of Columbia, authorizing examinations and for the production of documents (the "**Motion**"); the Court having reviewed and

considered the Motion and accompanying papers; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (iii) venue of this proceeding and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. and (iv) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED as follows:

1. The document requests set forth in the subpoenas attached to the Motion as **Exhibit A** and **Exhibit B** ("**Subpoenas**") are authorized pursuant to Rule 2004 and Local Rule 2004-1.

2. The Bandis are authorized to issue the Subpoena attached as **Exhibit A** on the Debtor.

3. The Bandis are authorized to issue the Subpoenas directing the production of documents attached as **Exhibit B** on related non-Debtor entities, including: (i) American Express National Bank, (ii) Bank of America, N.A., (iii) Capital One, N.A., (iv) Intuit Inc., and (v) RY CPA, LLC (or its successor).

4.      Within thirty (30) days of service of a Subpoena, the respective recipient shall produce all documents responsive to the document requests contained in such Subpoena.

5.      The Bandis may schedule an oral examination of the Debtor on the topics set forth in the Subpoena attached as **Exhibit A** to occur in person or by remote video means (as may be mutually agreed upon by the Bandis and the Debtor) within thirty (30) days of service of such Subpoena (or such date as may be mutually agreed upon by the Bandis and the Debtor), with the parties to meet and confer within seven (7) days of service of the Subpoena to schedule the date of the examination and to finalize its location.

6.      The Bandis may issue other discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order.

7.      Nothing contained herein shall prejudice the Bandis' rights under Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connection with this Case.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

4