Federico M. Bandi
Angela M. Bandi
3606 Chesapeake Street, NW
Washington, DC 20008
Telephone: 773.620.1932
Email: fbandi1@jhu.edu
angela.bandi@yahoo.com

FILED
NOV 18 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*Unsecured Judgment Creditors of*
*Touchstone Remodelers, LLC, filing Pro Se*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 23-00116-ELG |
| TOUCHSTONE REMODELERS, LLC, | Chapter 7 |
| Debtor. | |

**REPLY TO TRUSTEE'S RESPONSE AND BENJAMIN SRIGLEY'S OPPOSITION TO MOTION FOR AN ORDER GRANTING DERIVATIVE STANDING TO PROSECUTE, ON BEHALF OF THE ESTATE CLAIMS AGAINST THE DEBTOR, BENJAMIN ROBERT SRIGLEY, CYNTHIA TYBURCZY SRIGLEY, AND SRIGLEY DEVELOPMENT COMPANY, LLC**

Federico M. Bandi and Angela M. Bandi (jointly, the "**Bandis**" or the "**Movants**"), unsecured judgment creditors of Touchstone Remodelers, LLC (the "**Debtor**") in the above-captioned case (the "**Case**") under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), hereby reply (the "**Reply**") to the *Trustee's Response to Motion for an Order Granting Derivative Standing to Prosecute on Behalf of the Estate, Claims Against the Debtor, Benjamin Robert Srigley, Cynthia Tyburczy Srigley and Srigley Development Company, LLC*, filed November 4, 2024 (the "**Trustee's Response**") and the Opposition to *Motion for an*

*Order Granting Derivative Standing to Prosecute on Behalf of the Estate, Claims Against the Debtor, Benjamin Robert Srigley, Cynthia Tyburczy Srigley and Srigley Development Company, LLC*, filed November 3, 2024 by Benjamin Srigley through his counsel, Maurice B. VerStandig ("**Mr. Srigley's Opposition**") (jointly, the "**Responses**"). In support of their Reply, the Bandis respectfully state as follows:

## PRELIMINARY STATEMENT

1.  The arguments for denying the Bandis' *Motion for an Order Granting Derivative Standing to Prosecute on Behalf of the Estate, Claims Against the Debtor, Benjamin Robert Srigley, Cynthia Tyburczy Srigley and Srigley Development Company, LLC Benjamin Srigley's* (the "**Motion**") contained in Mr. Srigley's Opposition are based upon false premises and inaccurate assumptions. Mr. Srigley's Opposition sets forth three reasons upon which basis the Motion should be denied: (i) the Bandis are laypersons and cannot pursue a derivative adversary proceeding without engaging in the unlicensed practice of law; (ii) the Bandis have failed to show that colorable claims exist; and (iii) the Bandis have failed to show that the Trustee has unjustifiably refused to pursue a colorable claim.

2.  With respect to (i), Angela Bandi is licensed to practice law in the United States. Regarding (ii), Mr. Srigley's Opposition does not contain a single fact or figure evidencing why the Bandis' claims are not colorable. As to (iii), the argument contained in Mr. Srigley's Opposition improperly assumes that the Trustee has not pursued litigation because he believes the Bandis' claims are frivolous and without merit. However, the Trustee's Response implicitly rebuts Mr. Srigley's assumptions. The Trustee does not indicate that he is not pursuing litigation in this case because he believes the claims are not colorable. To the contrary, he has

2

suggested to the Bandis several alternative options to derivative standing for the purpose of pursuing such claims. Instead, the primary reason given by the Trustee for not pursuing litigation in this Case is that the Estate currently has no assets. However, the argument in (iii) fails as the Estate's lack of funds is not a sufficient justification for not pursuing colorable claims.

3. Furthermore, the Responses were not served upon the Bandis. We became independently aware that the Responses existed on Friday, November 15, 2024, by visiting the Court Clerk's office in person. We filed this Reply as soon as possible thereafter, on Monday, November 18, 2024.

4. According to Mr. Srigley's Opposition:

> [t]he Bankruptcy Code is designed, in no small part, to remove such pretextual efforts from the overly impassioned grasp of disgruntled creditors and place such in the sound judgement of a professional trustee.

*Id.* at 3. The Bankruptcy Code is also designed to offer a fresh start to *honest* debtors. The Debtor in this Case, as well as its members, chose not to fulfill its contractual obligations, may have engaged in bank, tax and bankruptcy improprieties, dissolved and changed states without informing its creditors, filed a misleading Chapter 7 petition, refused to produce routine documents kept in the ordinary course of business during the § 341(a) meeting process, and defied a federal subpoena to produce such documents and undergo a deposition in connection with a Rule 2004 examination. In essence, the Debtor's members, Benjamin Srigley and Cynthia Srigley, used its LLC status as a shield, leaving clients, service providers, financial institutions and the government holding the bag, for their own conspicuous consumption and personal enrichment.

## ARGUMENT

A. **Angela Bandi is an active member in good standing of the Florida Bar.**

5. The arguments contained in Mr. Srigley's Opposition hinge upon the false presumption that Angela Bandi is not licensed to practice law in the United States. According to Mr. Srigley's Opposition:

> [a]nd while District of Columbia law very familiarly permits attorneys licensed in other states to become members of the bar of this Honorable Court, either directly or *pro hac vice*, without running afoul of the prohibition on the unlicensed practice of law... ***neither of the Bandis are licensed in any other state***." (emphasis added)

*Id.* at 4. This is a false statement.

6. To the contrary, Mrs. Bandi is an active member in good standing of the Florida Bar (Bar. No. 48720). Further, were she to act as an attorney in this Case, it would only be if she were properly admitted to practice before this Court pursuant to Local Rule 2090-1 of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**"). *See* ¶ 7, *infra*. Consequently, she would not be engaging in the unauthorized practice of law in the District of Columbia. *See* D.C. App. R. 49(a)(2) and (c)(3).

7. With respect to admission to practice before specific federal courts, as indicated in the Motion at ¶ 29, she is not currently admitted to practice before the United States District Court for the District of Columbia, pursuant to DCt.LCvR. 83.8.[1] However, whether this Court would consider admitting Mrs. Bandi to practice before this Court *pro hac vice* pursuant to

---

[1] She was admitted to practice before the United States District Court for the District of Arizona in 1996, but has resigned her membership to the State Bar of Arizona (Bar No. 16962).

4

Local Rule 2090-1(b) is a determination to be made by the Honorable Judge Gunn, not by Mr. Srigley or Mr. VerStandig.[2]

8. Further, Mr. Srigley's Opposition conflates the Bandis' request for derivative standing with the Trustee's suggestion that Mrs. Bandi be appointed as special counsel. Here again, Mr. Srigley's Opposition contains a false statement: "[q]uite simply, the Trustee is not seeking — and cannot seek — to engage the Bandis as special counsel, insofar as the Bandis are not attorneys." *Id.* at 5.

9. It is precisely the Trustee who suggested to the Bandis the option of employing Mrs. Bandi to act as special counsel pursuant to Section 327 of the Bankruptcy Code. *See* Motion at ¶ 24 and at Appendix E. The discussion relating to this issue at ¶ 29 of the Motion addresses practical considerations raised by the Bandis themselves (which, incidentally, are not insurmountable) and reflects the fact that Bandis take very seriously the legal requirements relating to the practice of law before this Court.

    **B.**     **As demonstrated in the Bandis' Draft Complaint, colorable claims of wrongdoing and fraud against the Srigleys, et al. exist.**

10. Attached in **Appendix C** to the Motion is the Bandis' proposed draft complaint (the "**Draft Complaint**"). The Bandis will not address in detail the substance of the claims described in the 58-page Draft Complaint and in the Motion again here.

11. We will reiterate however, that the claims in the Draft Complaint are stated with particularity and are based on very specific facts and figures, largely those contained in the Debtor's own bank and credit card statements as well as other of its documents. Moreover,

---

[2] According to Mr. Srigley's Opposition, "[n]either [of the Bandis] is licensed to practice law in this Honorable Court nor is either eligible for admission to the bar of this Honorable Court." *Id.* at 2.

assuming the claims are successful and would result in either a money judgment or avoidance of a transfer of cash or other property that would become property of the estate, we believe our claims would benefit the Estate in this Case. *See* Motion at ¶¶ 72-73. As such, we respectfully suggest that our claims would survive a motion to dismiss and are thus, colorable.

12. Notably, Mr. Srigley's Opposition does not contain a single fact or figure which conflicts with any of the claims or evidence contained in the Draft Complaint, evidence which distinctly and specifically points to the existence of potential bank, tax and bankruptcy fraud or other wrongdoing on the part of Benjamin and Cynthia Srigley, as well as the existence of colorable claims relating to avoidance actions, among others.

13. Rather, Mr. Srigley argues that the Bandis' claims are not colorable just because he says they are not colorable. According to Mr. Srigley's Opposition, "[t]he existence of a colorable claim is sorely lacking *sub judice*." *Id.* at 6. The foundation of this argument seems to be that the Bandis:

> are unwilling (if not incapable) of accepting that contractors do, with some frequency, run out of monies during projects and encounter a need to walk away from the subject projects. So they instead look to the orchestrations of a grand scheme in which a struggling company's every effort at staying afloat was not the working of a good faith endeavor to honor obligations to clients but, rather a sinister ruse to work harm.

*Id.* However, these statements speak solely to the modus operandi of the Debtor and its members. They do not serve to explain why Mr. Srigley believes the Bandis' claims are not colorable, nor do they counter any of the facts and figures reported in the Draft Complaint.

14. Mr. Srigley further assumes the Trustee has determined that the claims put forth by the Bandis are not only not colorable, but that they are frivolous. According to Mr.

6

Srigley's Opposition, the Trustee "has shown no interest in exacting a pound of flesh for sport," "has elected to not pursue the outlandish and sanctionably frivolous claims being championed by the Bandis," and "is clearly electing … to not pursue litigation claims that are without any clear merit and that would expose the Debtor's estate to the prospect of significant economic sanctions if met with a motion under Rule 9011." *Id.* at 3, 6-7.

15. Here again, Mr. Srigley's Opposition does not even attempt to explain why Mr. Srigley believes the Trustee has determined that the Bandis' claims are "outlandish and sanctionably frivolous" or "without any clear merit," nor does it contain a single fact or figure in support of these allegations.

16. In contrast, the Trustee's Response does not exclude the existence of colorable claims. Rather, the Trustee's primary concern in moving forward with litigation in this Case seems to be the cost of such litigation given that the Estate currently has no funds. Further to that argument, the Trustee proposed several other avenues to pursue an avoidance action, outside of derivative standing, which he states "are still available subject to Court approval." *See* Trustee's Response at ¶ 15.

C. **The fact that the Estate lacks funds is not a sufficient basis upon which the Trustee's failure to prosecute is justified.**

17. According to the Trustee's Response, "the estate has no funds itself and it would be difficult at best to undertake uncompensated, expensive and time consuming litigation." *Id.* at 1. He also indicates he had advised us that, due to the estate's lack of funds, it "would have limited ability to engage in litigation for the pursuit of avoidance actions barring some obvious low hanging fruit that could generate monies for the estate." *Id.* at ¶ 13.

7

18. As discussed in the Motion, we believe that if the Trustee's refusal to prosecute is largely based on a lack of funds, it is unjustified.

19. "A trustee's decision to decline the pursuit of a colorable claim is only justified if there is a legal or practical impediment to prosecution. While the cost to the estate is a valid consideration for a trustee, the mere lack of funds will not justify a decision not to prosecute." *In re Home Casual LLC*, 534 B.R. 350, 354 (Bankr. W.D. Wis. 2015) (finding derivative standing appropriate in Chapter 7 action where creditors stood to recover almost $470,000 in avoidable transfers at a low cost and risk to the estate) (citing *Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1442-43 (6th Cir. 1995)). *See also In re Trailer Source*, 555 F.3d 231, 243-44 (6th Cir. 2009); *In re Dzierzawski*, 518 B.R. 415, 423-24 (Bankr. E.D. Mich. 2014); *In re Full Spectrum Mgmt.*, 621 B.R. 421, 428-29 (Bankr. W.D. Mich. 2020). *See also* Motion at ¶¶ 50-53; 75-79.

20. The problem with failing to pursue meritorious and/or potentially sizeable claims simply because there are inadequate funds in the estate to pursue them is that it may lead to under-enforcement by trustees in Chapter 7 proceedings. *See In re Trailer Source*, 555 F.3d at 244; *Claridge Assoc., LLC v. Schepis (In re Pursuit Capital Mgmt., LLC)*, 595 B.R. 631, 660 (Bankr. D. Del 2018); Motion at ¶¶ 58-59. Moreover, such under-enforcement might occur in the most egregious of cases, such as where a debtor fraudulently transfers all of its remaining assets and then files a Chapter 7 petition claiming that no assets exist.

21. That said, we appreciate that practical concerns exist in pursuing litigation in the absence of currently available funds. For that reason, we proposed the solution described

8

in the Motion, which we believe would be the most efficient and cost-effective option for the Estate to fairly resolve the instant bankruptcy proceedings.

22. We also appreciate the Trustee's attempt to find practical solutions to pursue litigation in this Case which do not involve derivative standing, and, in the event the Court denies our Motion, we would be happy to discuss further any of those options which would not cause further harm to the creditors of the Estate, subject to Court approval.

   **D.**  **The Responses were not served upon the Bandis.**

23. Neither the Trustee's Response nor Mr. Srigley's Opposition were properly served upon the Bandis. Both were served electronically via the ECF system rather than by U.S. Mail.

24. However, neither Angela Bandi nor Federico Bandi received notification from the ECF system that the Responses had been filed. To the best of our knowledge, we are not registered to receive NextGen CM/ECF notice in the Case and have not received ECF notification of a single document filed in this Case. Accordingly, pursuant to Local Rule 9013-1(f), the Responses should have been served upon the Bandis via U.S. Mail or other appropriate means.

25. The Bandis are representing themselves and are required to file all papers with this Court in hard copy, not electronically. *See* Local Rule 5005-1(b). Consequently, we filed the Motion in hard copy with the Clerk of this Court. As stated in the Certificate of Service, filed in **Exhibit A** to the Motion, we served the Motion upon both the Trustee and counsel for the Debtor,[3] Maurice VerStandig, via U.S. Mail. Both the Trustee and Mr. VerStandig should have

---

[3] According to Mr. Srigley's Opposition, Mr. VerStandig is also counsel for Mr. Srigley.

known that the Bandis, as *pro se* parties, were likely not eligible to file using the NextGen CM/ECF system and thus may not receive notifications from that system.

26.  In addition, as neither the Trustee's Response nor Mr. Srigley's Opposition lists the specific parties upon whom the Responses were served or their addresses, despite the requirement to the contrary contained in Local Rule 9013-1(f), the Bandis are unable to determine whether the Responses were properly served upon all of the parties in interest specified in the Notice of Opportunity to Object, filed in **Exhibit A** to the Motion. Namely, these are the parties in interest who filed proofs of claim in this Case and who were either not listed as creditors in the Petition or whose addresses and contact information in the proofs of claim differed from those in the Petition: American Express National Bank (c/o Beckett and Lee LLP), Capital One N.A. (c/o American InfoSource) and the D.C. Government Office of Tax and Revenue.

27.  The Bandis first became aware that the Responses existed on Friday, November 15, 2024, at which time Federico Bandi had the opportunity to go to the Court Clerk's office in person and discovered that the Responses had been filed. The Bandis filed this Reply as soon as possible thereafter, on Monday, November 18, 2024.

28.  As the Responses were not properly served upon the Bandis, we believe that, pursuant to Local Rule 9013-1(e)(3), the Court should deem the opposition waived, treat the motion as conceded, and enter an appropriate order granting the requested relief without a hearing. We understand, however, that the Court may decide otherwise and consider the Responses in reviewing the Motion. If that is the case, the Bandis respectfully request that the Court also consider this Reply.

## CONCLUSION

WHEREFORE, the Bandis respectfully request that this Court grant the Motion in its entirety and enter an order substantially in the form attached to the Motion as **Exhibit B**.

Dated:    November 18, 2024

Respectfully submitted by:

FEDERICO M. BANDI
3606 Chesapeake Street, NW
Washington, DC. 20008
Telephone: 773-612-4163
Email: fbandi1@jhu.edu

-and-

ANGELA M. BANDI
3606 Chesapeake Street, NW
Washington, DC. 20008
Telephone: 773-620-1932
Email: angela.bandi@yahoo.com

*Filing Pro Se*