Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Telephone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for Benjamin Srigley*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-116-ELG |
| | ) | (Chapter 7) |
| TOUCHSTONE REMODELERS, LLC | ) | |
| | ) | |
| Debtor. | ) | |

## SUPPLEMENTAL BRIEF ON DERIVATIVE STANDING

Comes now Benjamin Srigley ("Mr. Srigley"), by and through undersigned counsel, in supplemental opposition to the Motion for an Order Granting Derivative Standing to Prosecute on Behalf of the Estate, Claims Against the Debtor, Benjamin Robert Srigley, Cynthia Tyburczy Srigley, and Srigley Development Company, LLC (the "Motion," as found at DE #29) filed by Federico M. Bandi ("Mr. Bandi") and Angela M. Bandi ("Ms. Bandi") (Mr. and Ms. Bandi being collectively known as the "Movants" or "Bandis," and each known as a "Movant" or "Bandi") and states as follows:

I.   **Introduction**

At oral argument on the Motion, Mr. Srigley—through counsel—suggested that if, *arguendo*, derivative standing is to be entertained in this case, the Movants ought not be able to pursue Chapter 5 claims because neither of the Bandis would otherwise qualify to serve as counsel

1

to a trustee under the scope of Section 327.[1] Two observations underlie this contention: (i) Chapter 5 claims—specifically reserved to "the trustee"—are unlike causes of action that exist as pre-petition assets and merely accrue to a trustee's benefit by operation of Section 541; and (ii) allowing a more relaxed standard for derivative representation, than for direct representation, would be undermine Congress' carefully crafted language in Section 327.

Mr. Srigley now expounds upon these contentions in this supplemental brief. In so doing, he does not abandon the arguments set forth in his prior briefing but, rather, merely extrapolates thereupon, per this Honorable Court's invitation.

II. **Argument: Claims Accruing Solely to a Trustee May Not be Derivatively Pursued Without the Aid of Disinterested Counsel**

Macroscopically, there exist two varieties of claims a chapter 7 trustee may pursue: those that were prepetition assets of a debtor and those that expressly arise under the Bankruptcy Code. Entrée into liquidation is not a condition precedent to pursuit of the former variety of claims; a debtor may pursue such causes of action without ever filing a Section 301 petition and, where permitted under governing state law, the equity holders of a debtor may do so derivatively outside the bankruptcy process. Yet the filing of a bankruptcy petition is assuredly a condition precedent to the latter variety of causes of action; statutory claims predicated upon the exercise of a bankruptcy trustee's powers cannot much be exercised unless and until there is appointed a bankruptcy trustee (or, under a portion of the Bankruptcy Code immaterial to the issues *sub judice*, a debtor-in-possession).

Justice Scalia, writing for a unanimous Supreme Court, has emphasized this important distinction in discussing one such provision of Chapter 5 of the Bankruptcy Code:

---

[1] Unless otherwise indicated, all references to a "Section" are to the correlative provision of Title 11 of the United States Code (the "Bankruptcy Code").

2

> "Where a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act." Second, the fact that the sole party named -- the trustee -- has a unique role in bankruptcy proceedings makes it entirely plausible that Congress would provide a power to him and not to others.

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6-7 (2000) (quoting 2A N. Singer, Sutherland on Statutory Construction § 47.23, p. 217 (5th ed. 1992); citing *Federal Election Comm'n v. National Conservative Political Action Comm.*, 470 U.S. 480, 486 (1985)).

While *Hartford* is focused on Section 506(c), the relevant verbiage—"[t]he trustee may. . ."—is also found in Section 544, 547, 548, and elsewhere in Chapter 5. *See* 11 U.S.C. §§ 544(b)(1), 547(b), 548(a)(1). These provisions are indistinguishable from Section 506(c) in terms of how they both identify and empower a bankruptcy trustee. And, applying the logic of the *Hartford* Court, it would be illogical to interpret verbiage in Section 506(c) in one manner while interpreting identical verbiage, in other sections of the same chapter, in a different manner.

This is why so many courts have held that a chapter 7 trustee may not assign chapter 5 claims as part of an estate's administration. *See, e.g.*, *In re Clements Mfg. Liquidation Co., LLC*, 558 B.R. 187, 189 (Bankr. E.D. Mich. 2016) ("The Court therefore holds that the Chapter 7 Trustee in this case may not assign any of the avoidance actions/powers as he seeks to do in the proposed settlement."); *In re Boyer*, 354 B.R. 14, 35 (Bankr. D. Conn. 2006) (". . . the court notes that permitting a trustee to sell causes of action which he would not litigate himself under any circumstances would encourage trustees to traffic in causes of action with no litigation value. That would foment useless litigation and is against public policy."); *In re McGuirk*, 414 B.R. 878, 879 (Bankr. N.D. Ga. 2009) ("The Chapter 7 Trustee presented no legal or factual basis upon which to sell the Trustee's avoidance powers to Cadles. Trustees are appointed to gather the debtor's property for the benefit of the estate and to make disbursements to all creditors in accordance with the Bankruptcy Code. A trustee's avoidance powers, including those under Sections 547, 548 and

3

549 of the Bankruptcy Code, are unique statutory powers intended to benefit the estate, not a single creditor. Standing to assert actions under Sections 547, 548 and 549 to recover preferences and to set aside fraudulent conveyances and post petition transfers is limited to the trustee, and individual creditors have no standing to bring such actions except through the trustee or debtor in possession.") (citing *In re Conley*, 159 B.R. 323, 324 (Bankr. D. Idaho 1993); *La. State Sch. Lunch Employees Ret. Sys. v. Legel, Braswell Gov't Sec. Corp.*, 699 F.2d 512, 515 (11th Cir.1983); *Syndicate Exch. Corp. v. Duffy (In re Pro Greens, Inc.)*, 297 B.R. 850, 855 (Bankr. M.D.Fla. 2003)). *But see Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.)*, 177 F.3d 774, 782 (9th Cir. 1999) (". . . the bankruptcy court did not err by holding that the trustees could transfer their avoidance powers.")

To be sure, the *Hartford* Court expressly elected to *not* address the impact its holding on parties seeking derivative standing. *See Hartford*, 530 U.S. at 13 n.5 ("We do not address whether a bankruptcy court can allow other interested parties to act in the trustee's stead in pursuing recovery under § 506(c). Amici American Insurance Association and National Union Fire Insurance Co. draw our attention to the practice of some courts of allowing creditors or creditors' committees a derivative right to bring avoidance actions when the trustee refuses to do so, even though the applicable Code provisions, mention only the trustee. Whatever the validity of that practice, it has no analogous application here, since petitioner did not ask the trustee to pursue payment under § 506(c) and did not seek permission from the Bankruptcy Court to take such action in the trustee's stead.") (citing 11 U.S.C. §§ 544, 545, 547(b), 548(a), 549(a); *In re Gibson Group, Inc.*, 66 F.3d 1436, 1438 (6th Cir. 1995)).

The key to this case, however, is not finding an answer to whether or not derivative standing is generically permitted but, rather, whether derivative standing may be pursued by persons

represented by counsel who would not qualify under Section 327 to act as counsel to a trustee. In the posture of this supplemental brief, and solely in the posture of this brief, Mr. Srigley assumes derivative standing *may* be granted under certain circumstances, even though the Supreme Court has recognized such to be an open question. That such *may* be granted, though, does not mean derivative standing is permissible where such would reduce the threshold requisite to an exercise of a trustee's powers.

Section 327(a) makes clear that an attorney for a trustee must be disinterested. Section 327(e), in turn, requires special counsel for a trustee must not hold an adverse interest "to the debtor or to the estate." 11 U.S.C. § 327(e). Insofar as the Bandis are not only creditors of the Debtor's estate but, too, central characters in the alleged narrative upon which the at-issue claims are premised, it may be conservatively proffered they would not clear either of these hurdles.[2] Mr. Bandi also suffers the added disqualifying factor of not being an attorney. *See, e.g.*, 3 Collier on Bankruptcy P 327.04 (". . . while a court may find it equitable to include a nonattorney professional within the parameters of section 327(e), it may not broaden language that is otherwise unambiguous.").

So the question becomes whether powers exclusively reserved to a trustee may be derivatively exercised through counsel that would be otherwise ineligible to represent a trustee in the first instance. In analyzing this, the warning of the *Boyer* Court is apt: "'[a]ssignments of the Trustee's unique statutory powers, if not narrowly circumscribed, may too easily result in the

---

[2] There also exists a split amongst authorities as to whether someone may be retained under Section 327(e) if they have not previously represented a debtor, with the majority view being that such a prior representation *is* a condition precedent to engagement. *See generally In re Abrass*, 250 B.R. 432, 436 (Bankr. M.D. Fla. 2000) ("The majority's reasoning that Section 327(e) requires the proposed special counsel to have previously represented the debtor is the proper result."). Suffice it to posit, the Bandis have not ever served as the Debtor's counsel.

5

delegation and dilution of the trustee's duty to marshal the debtor's property for the recovery of all." *Boyer*, 354 B.R. at 34, n.33 (quoting *In re Metro. Elec. Mfg. Co.*, 295 B.R. 7, 12 (Bankr. E.D.N.Y. 2003) (quoting *In re Greenberg*, 266 B.R. 45 (Bankr. E.D.N.Y. 2001))).

While the issue before this Honorable Court is assuredly not the same matter that pended before the *Boyer* Court (where a motion to compromise invited consideration of the alternative route of selling claims), the warning about the "delegation and dilution" of a trustee's statutory charge is particularly apt. A trustee cannot pursue a Chapter 5 claim, in the prism of an adversary proceeding, through the utilization of non-disinterested counsel (or, at minimum, a trustee may not do so unless said counsel previously represented the debtor in the same matter).[3] Such, no doubt, speaks to the need to uphold the trustee's esteemed fiduciary role in a bankruptcy case.

After all, the rigor of disinterested counsel coincides with the rigor of a disinterested trustee. *See* 11 U.S.C. § 701(a)(1). A trustee is not a zealous advocate advancing her or his personal interests and, in turn, cannot be represented by a zealous advocate even potentially motivated to advance such personal interests. A trustee is, rather, a disinterested fiduciary. And it thusly follows that even in those rare instances where derivative standing is permitted, and a potentially-conflicted party is allowed to take helm of litigation in a trustee's name, that party must be checked by the irreducible minimum rigors established by Congress in Section 327: representation by counsel who does not share the potentially-conflicted party's biases and animus.

The Supreme Court has been express that Congress does not "hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468, 121 S. Ct. 903, 910, 149 L.Ed.2d 1, 13 (2001) (citing *MCI Telcoms. Corp. v. AT&T*, 512 U.S. 218, 231 (1994); *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159-160 (2000)). Yet such is precisely what

---

[3] *See, supra*, n.2.

the Movants propose here: an exception to Section 327(a) that rids all parties in interest of the rigor of disinterestedness if a trustee shuns a cause of action and, in lieu of pursuing such claim herself or himself, invites pursuit by a third party derivatively. What a trustee cannot do, the Movants propose, someone else can do—while, oxymoronically, doing so based on their derivative stance in the shoes of a trustee.

The *Boyer* Court makes clear that claims statutorily reserved to trustees should be zealously guarded against "delegation and dilution." Yet it is difficult to see the regime instantly proposed—delegation to a third party, coupled with dilution through removal of one of the hallmark checks guarding against conflicts of interest—as anything short of just such a forbade action. The Bandis seek to do, derivatively, what a trustee could not do directly. And, if permitted, such would assuredly amount to the precarious discovery of Dumbo in quarters statutorily reserved to Mickey and Minnie.

### III. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court deny the Motion and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 27, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Telephone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for Mr. Srigley*

[Certificate of Service on Following Page]

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig